**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Francisco Rivera,<br><br>Petitioner,<br><br>v.<br><br>Mark Gutierrez,<br><br>Respondent. | No. CV-22-00318-TUC-JGZ (MSA)<br><br>**ORDER** |

Before the Court is Respondent Mark Gutierrez's motion to stay this case pending the U.S. Supreme Court's decision in *Jones v. Hendrix*. The motion will be granted in part.[1]

**I.    Background**

In 1996, Petitioner Carlos Rivera was convicted of first-degree sexual assault in violation of Connecticut law. In 2006, he was convicted of production of child pornography (among other things) in violation of federal law. At his federal sentencing, the U.S. District Court for the District of Connecticut found that Petitioner's Connecticut conviction was for a "State sex offense." This meant that the conviction was a "prior sex conviction" under 18 U.S.C. § 3559(e), and that the district court had to enhance the sentence on the child-pornography conviction to a term of life imprisonment. In addition to the life sentence, Petitioner received three concurrent 40-year terms and a concurrent 20-year term.

---

[1] A magistrate judge may rule on a motion to stay if doing so would not "dispose of any claims or defenses" or "effectively deny [the petitioner] any ultimate relief sought." *Mitchell v. Valenzuela*, 791 F.3d 1166, 1170 (9th Cir. 2015) (quoting *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013)). This ruling does neither, so a report and recommendation is unnecessary.

In this case, Petitioner argues that his state conviction could not serve as a predicate for the life-term enhancement. That sort of claim generally must be raised in a motion under 28 U.S.C. § 2255, but Petitioner attempts to raise it in a petition under 28 U.S.C. § 2241. He can proceed under § 2241 only if § 2255 is an "inadequate or ineffective" remedy. The § 2255 remedy is inadequate when the prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006)). In this circuit, the second requirement is satisfied if circuit precedent is squarely against the prisoner when he is able to file his § 2255 motion. *Alaimalo v. United States*, 645 F.3d 1042, 1047–48 (9th Cir. 2011). Petitioner says that was the case here.

While most circuits follow the same approach, a few others hold that a § 2255 motion is effective even when circuit precedent bars a prisoner's claim. In those courts' view, because the motion can be used to challenge that adverse precedent, it is an effective and adequate remedy. *E.g.*, *Prost v. Anderson*, 636 F.3d 578, 590 (10th Cir. 2011). Under this alternative view, Petitioner probably cannot establish that § 2255 was inadequate or ineffective.

The Supreme Court is expected to resolve the circuit split in *Jones v. Hendrix*. *See* Petition for a Writ of Certiorari at 33–35, Jones v. Hendrix, No. 21-857 (filed Dec. 7, 2021) (urging the Supreme Court to resolve the split). Argument in that case was held on November 1, 2022, and a decision is expected this term.

**II.   Discussion**

In appropriate circumstances, a federal court may impose a stay "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). Before imposing a stay, the court must consider (1) whether a stay would result in "possible damage," (2) whether the parties would suffer "hardship or inequity" if a stay is denied, and (3) whether a stay would lead to "the simplifying or complicating of issues, proof, and questions of law." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Importantly for this case, "habeas proceedings implicate

special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *Yong v. I.N.S.*, 208 F.3d 1116, 1120 (9th Cir. 2000).

The Court finds that a stay until mid-July is warranted. *See The Court and Its Procedures*, https://www.supremecourt.gov/about/procedures.aspx (last visited March 2, 2023) (stating that the Supreme Court's "sessions [usually] continue until late June or early July"). This stay will serve the interest of judicial economy because if, as expected, the Supreme Court resolves the circuit split this session, the Court can address the petition with confidence that it is applying the correct law. The stay is limited, however, because of the "special considerations" that apply to habeas proceedings. *Yong*, 208 F.3d at 1120. If the Supreme Court defers its decision to a later date, those considerations will outweigh the interest in judicial economy and favor resumption of these proceedings. *See id.* at 1120–21 (reversing an "indefinite" stay that could have lasted "potentially for years").

Further, this limited stay would not cause damage or lead to hardship or inequity. Aside from the life sentence, Petitioner is serving multiple 40-year terms of imprisonment. He does not challenge those other terms in this proceeding. As he has served about 17 years so far, even if he succeeds in undoing his life sentence, it is highly unlikely that a months-long stay would subject him to unwarranted incarceration. Petitioner argues otherwise, suggesting that the sentencing court could revisit and reduce his other sentences based on his rehabilitation. This argument is speculative and not persuasive.

The relevant factors favor a limited stay. Therefore,

**IT IS ORDERED** that the motion to stay (Doc. 20) is **granted in part**. This matter is **stayed**. If the Supreme Court does not issue its decision in *Jones v. Hendrix* by July 14, 2023, this Court will lift the stay and set a briefing schedule.

Dated this 2nd day of March, 2023.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge